Wayne Bennett (#8521)
Christopher B. Snow (#8858)
**CLYDE SNOW & SESSIONS**
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216
Telephone (801) 322-2516
wzb@clydesnow.com
cbs@clydesnow.com

Kenneth L. Reich (#8578)
**LEWIS HANSEN**
Eight East Broadway, #410
Salt Lake City, Utah 84111
klr@lewishansen.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH HARTMAN, AMY GOODRIDGE, and CHASE DAVIS, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br> vs.<br><br>GREAT BASIN SCIENTIFIC, INC.; DAVID SPAFFORD, an individual; RYAN ASHTON, an individual; JEFFREY RONA, an individual; SANDRA NIELSON, an individual; KIRK CALHOUN, an individual; RONALD LABRUM, an individual; SAM CHAWLA, an individual,<br><br>   Defendants. | Case No. 2:17-cv-01067-TC<br><br>**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT AGREEMENT**<br><br>Judge Tena Campbell |

{01568659-1 }

Having considered the Parties' Joint Motion for Final Approval of Settlement Agreement, along with the evidence, exhibits and declarations submitted therewith (the "Motion," Dkt. 68) and for good cause appearing, the Court hereby GRANTS the Motion and issues the following findings and conclusions and hereby ORDERS as follows:

1. The Court hereby approves the Parties' proposed Settlement Agreement ("Agreement") that was preliminarily approved by the Court on June 27, 2019 (Dkt. 65).

2. The proposed Class is defined as consisting of all hourly, salaried, or commissioned employees employed by Great Basin at any time between March 2, 2017 and December 31, 2017, other than the Settling Defendants, who failed to receive all wages due and owing or received late payment of any wages, including any minimum wage, overtime payments, liquidated damages, or late payment penalties ("Class Members"), and who do not file a timely and valid Request for Exclusion form. The proposed class includes those who could assert claims under contract, tort or other common law theories, violation of the WARN ACT, violations of the Utah Unpaid Wages Act or other applicable statutory violations under Utah or other state laws.

3. The Settlement Agreement further incorporated a collective action asserting claims under the Fair Labor Standards Act. 111 individuals opted into the collective action against the released parties and the Settlement Agreement and this Order approves the terms of the Settlement Agreement as it applies to claims under the Fair Labor Standards Act and bars any claims by the 111 individuals

{01568659-1 }

that may be asserted under the Fair Labor Standards Act.

4. In accordance with the Preliminary Approval Order, and as established in the Declaration of Norman Alcantara Regarding Notice and Settlement Administration, the class administrator mailed to each Class Member a Notice Packet that disclosed the material terms of the Settlement Agreement, including the estimated value of Class Members' individual settlement shares, the attorneys' fees and expenses associated with the Settlement Agreement, and further disclosed Class Members' right to object to the Settlement Agreement, to exclude themselves from the Settlement Agreement, or to Opt in or Opt out of the Settlement.

5. The Notice Packet further provided that the Settlement would incorporate a full and complete release of Defendants David Spafford, Ryan Ashton, Jeffrey Rona, Sandra Nielsen, Kirk Calhoun, Ronald Labrum, and Sam Chawla, their Insurers, and their current or former subsidiaries, parents, affiliates, predecessors, insurers, agents, employees, successors, assigns, officers, officials, directors, employers, attorneys, personal representatives, executors, and shareholders, including their pension, profit sharing, savings, health, and other employee benefits plans of any nature, the successors of such plans, and those plans' respective current or former trustees and administrators, agents, employees, and fiduciaries (the "Released Parties") for any and all claims against them, including claims under the FLSA, any applicable state law such as the Utah Unpaid Wages Act, or any other state, federal, or common law claims during your employment at any time between

March 2, 2017 and the date of the Preliminary Approval Order of the Settlement of the lawsuit, as well as a full release of the Released Parties from any wage claims, judgments, or liens that have been or could be asserted by the Utah Labor Commission, Utah Office of Debt Collection, or any other state agency or Court in connection with the allegations in the Lawsuit.

6. No Class Members filed written objections to the proposed Settlement Agreement and no class members opted out of the Settlement. Proposed Class members holding 98.5% of all claims to distribution of settlement proceeds opted into the settlement. The response rate for all proposed Class Members who submitted a valid claim form was 90.98%.

7. Based on the response rate and the other evidence presented, the Court finds that adequate and reasonable notice was provided to Class Members under the Settlement Agreement consistent with this Court's preliminary approval order dated June 27, 2019.

8. For the reasons set forth in the Motion, the Court finds that the proposed Class meets all of the legal requirements for class certification, and it is hereby ordered that the Class is finally approved and certified as a class for purposes of the Settlement Agreement.

9. The Court further finds that the terms of the Settlement are fair, reasonable and adequate to the Class and to each Class Member for the reasons set forth in the Joint Motion for Preliminary Approval and the Motion, including the evidence and Declarations filed concurrently therewith. In particular, the Court finds the

{01568659-1 }

Settlement was the product of informed and extensive negotiations and was not the product of collusion among the negotiating parties. Moreover, given issues in the case regarding bankruptcy and insurance coverage, the potential for lack of class certification, and the risks and costs of litigation of this matter, the terms are fair and reasonable.

10. Further, this Order shall preclude any claims against Released Parties for any and all claims against them, including under any applicable state law such as the Utah Unpaid Wages Act, or any other state, federal, or common law claims during employment at any time between March 2, 2017 and the date of the Preliminary Approval Order of the Settlement of the lawsuit, and incorporate a full release of the Released Parties from any wage claims, judgments, or liens that have been or could be asserted by the Utah Labor Commission, Utah Office of Debt Collection, or any other state agency or Court in connection with the allegations in the Lawsuit. To the extent any such liens or judgments have been asserted regarding the matters covered by the release and/or covered by the Class, the Settlement of this matter and this Order shall be deemed to be in full satisfaction and release of any such liens or judgments.

11. The Court finds and determines that Class Counsel's requested award of $738,259.50 or 33 1/3% of the $2,215,000 (Maximum Settlement Amount) is fair and reasonable for the reasons set forth in the Motion for Final Approval and Declaration of Class Counsel Christopher Snow and hereby awards such fees to be paid pursuant to the Settlement Agreement.

12. The Court finds that Class Counsel's request for reimbursement of litigation expenses in the amount of $24,364.09 is reasonable for the reasons stated in the Motion and Class Counsel's Declaration and orders the reimbursement of those costs and expenses pursuant to the terms of the Settlement Agreement.

13. The Court finds the incentive awards are reasonable and orders the payment of $25,000 to Elizabeth Hartman, and the payment of $5,000 to Amy Goodridge and $5,000 to Chase Davis consistent with the terms of the Settlement Agreement.

14. Simpluris, Inc. is entitled as class administrator to payment of $6,260.00 for services rendered.

15. The Parties are hereby ordered to comply with the terms of the Settlement Agreement.

16. The Parties will bear their own costs and attorneys' fees except as otherwise provided by the Court's Order herein.

17. The Court will enter final judgment in accordance with the terms of the Settlement Agreement, the Order Granting Preliminary Approval of the Settlement, and this Order.

IT IS SO ORDERED.

DATED: August 28, 2019

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
United States District Court Judge

{01568659-1 }